IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**WAYNE B.,**

    **Plaintiff,**

vs.                                                                                             CIVIL ACTION NO. 2:22-CV-00591

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER**
**OF SOCIAL SECURITY,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Acting Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. By Order entered December 20, 2022 (ECF No. 2), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court are the Plaintiff's Brief in Support of Complaint and the Defendant's Brief in Support of Defendant's Decision. (ECF Nos. 5, 6)

Having fully considered the record and the arguments of the parties, the undersigned respectfully **RECOMMENDS** that the United States District Judge **DENY** the Plaintiff's request for remand (ECF No. 5), **GRANT** the Defendant's request to affirm the decision of the Commissioner (ECF No. 6); **AFFIRM** the final decision of the Commissioner; and **DISMISS** this action from the docket of the Court for the reasons stated *infra*.

**Procedural History**

The Plaintiff protectively filed his application for DIB on March 11, 2020 alleging that his disability began July 4, 2019, which was denied initially and again upon reconsideration (Tr. at 15). Thereafter, the Plaintiff filed a written request for a hearing, which was held on March 30, 2020 before the Honorable Sabrina M. Tilley, Administrative Law Judge ("ALJ"). (Tr. at 98-99, 33-48) On May 3, 2022, the ALJ entered a partially favorable decision. (Tr. at 12-32) On June 3, 2022, the Plaintiff sought review by the Appeals Council of the ALJ's decision. (Tr. at 174) The ALJ's decision became the final decision of the Defendant on October 27, 2022 when the Appeals Council denied the Plaintiff's request for review. (Tr. at 1-6) On December 19, 2022, the Plaintiff brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (ECF No. 1) The Defendant, (hereinafter referred to as "Commissioner") filed a Transcript of the Administrative Proceedings. (ECF No. 4) Subsequently, the Plaintiff filed a Brief in Support of Complaint (ECF No. 5), and in response, the Commissioner filed a Brief in Support of Defendant's Decision (ECF No. 6), and finally, the Plaintiff filed his Reply Brief (ECF No. 7). Consequently, this matter is fully briefed and ready for resolution.

**The Plaintiff's Background**

As of the alleged onset date, the Plaintiff was 52 years old, and considered a "person closely approaching advanced age", though as of January 26, 2022, he changed age categories, to a "person of advanced age" See 20 C.F.R. § 404.1563(d), (e). (Tr. at 25) He has a high school education and previously worked as a diesel mechanic, which the vocational expert classified as heavy and semi-skilled (Tr. at 24, 25).

**Standard**

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520. If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. § 404.1520(f). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. Id. § 404.1520(g). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical

shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

**Summary of ALJ's Decision**

In this particular case, the ALJ determined that the Plaintiff met the requirements for insured worker status through December 31, 2024. (Tr. at 17, Finding No. 1) Moreover, the ALJ determined that the Plaintiff satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date of July 4, 2019. (Id., Finding No. 2) Under the second inquiry, the ALJ found that the Plaintiff had the following severe impairments: degenerative disc disease; residuals of fracture of cervical spine with stenosis with multilevel posterior cervical instrumentation with fusion; compression fracture of lumbar spine; C8 radiculopathy with mild ulnar neuropathy of the right elbow; and osteoarthritis. (Tr. at 18, Finding No. 3)

At the third inquiry, the ALJ concluded the Plaintiff's impairments did not meet or equal the level of severity of any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id., Finding No. 4) The ALJ then found that since the alleged onset date, the Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work except:

> He lift and carry 20 pounds occasionally and 10 pounds frequently, sit for at least six hours in an eight-hour workday, and stand and/or walk six hours in an eight-hour workday. He can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance and stoop; and never kneel, crouch, and crawl. With the right dominant hand, he can occasionally reach overhead and can frequently reach in other directions. He can frequently perform handling, fingering, and feeling bilaterally. He can tolerate occasionally exposure to extreme temperatures and vibrations but should have no exposure to hazards.

(Tr. at 19, Finding No. 5)

At step four, the ALJ found that since the alleged onset date, the Plaintiff was unable to

perform any past relevant work. (Tr. at 24, Finding No. 6) At the fifth step, the ALJ determined that prior to January 26, 2022, and in addition to the immateriality of the transferability of job skills, the Plaintiff's age, education, work experience, and RFC indicated that there are jobs that existed in significant numbers in the national economy that the Plaintiff could have performed, such as a sorter, marker, and order caller. (Tr. at 25-26, Finding Nos. 7-10) However, the ALJ determined the Plaintiff had been under a disability beginning on January 26, 2022 through the date of the decision. (Tr. at 26, Finding Nos. 11, 12)

**The Plaintiff's Challenges to the Commissioner's Decision**

The Plaintiff alleges the ALJ failed to abide by the Fourth Circuit's guidance from Pearson v. Colvin, 810 F.3d 204, 208 (4th Cir. 2015) regarding Social Security Ruling ("SSR") 00-4p because she did not resolve the apparent conflict between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"): the vocational expert identified three jobs during her testimony that required frequent reaching, however, the hypothetical precluded more than occasional overhead reaching. (ECF No. 5 at 5-6) Because the ALJ did not elicit any explanation as to how the Plaintiff could perform these jobs despite the apparent conflict, an award of benefits, or remand is necessary. (Id. at 7-9)

In response, the Commissioner contends that the ALJ properly inquired about any potential conflicts between the DOT and the vocational expert's testimony, and elicited an explanation that satisfies the requirements under SSR 00-4p as well as Pearson. (ECF No. 6 at 6-7) The Commissioner asserts that the final decision is supported by substantial evidence and asks this Court to affirm. (Id. at 8)

In reply, the Plaintiff emphasizes that the ALJ's own written decision does not

acknowledge the conflict, but inaccurately states that the vocational expert's testimony did not conflict with the DOT. (ECF No. 7) Because the ALJ expressly failed to acknowledge the conflict, let alone resolve it, this case must be remanded. (Id.)

**The Relevant Evidence of Record**[1]

The undersigned has considered all evidence of record pertaining to the Plaintiff's arguments and discusses it below.

**The Administrative Hearing:**

The vocational expert testified that a hypothetical individual with the Plaintiff's age, education and vocational profile and the controlling light RFC as determined by the ALJ, *supra*, could not perform his past relevant work (Tr. at 45). The vocational expert testified that there were other light jobs the individual could perform, including that of a sorter (DOT 222.687-014), a marker (DOT 209.587-034), and an order caller (DOT 209.667-014) (Tr. at 45-46). In response to the ALJ's question as to whether her testimony was consistent with the DOT, the vocational expert testified as follows:

> *My testimony is consistent with the DOT*. However, the DOT does not address the use of ropes and it does not address specifically one extremity versus the other or overhead reaching. It's just reaching in general. So I'm basing my testimony in these regards on my 20 plus years of case management, doing job placement, retraining, labor market surveys, job analyses and ongoing vocational training.

 (Tr. at 46) (emphasis added)

**Scope of Review**

---

[1] The undersigned focuses on the relevant evidence of record pertaining to the issues on appeal as referenced by the parties in their respective pleadings. Since the appeal only concerns the final step in the sequential evaluation process, and because there the Plaintiff's medical history is not immediately relevant to the issue on appeal, the undersigned does not summarize same for purposes herein.

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting <u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence, however, the Court determines if the final decision of the Commissioner is based upon an appropriate application of the law. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). Further, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." <u>Oppenheim v. Finch</u>, 495 F.2d 396, 397 (4th Cir. 1974). If substantial evidence exists, the Court must affirm the Commissioner's decision "even should the court disagree with such decision." <u>Blalock</u>, 483 F.2d at 775.

**<u>Analysis</u>**

As stated *supra*, at the final step in the sequential evaluation process, the ALJ determined that the Plaintiff could perform light work with additional limitations, with representative jobs including a sorter, marker, and order caller, according to the vocational expert's testimony. (Tr. at 26) The ALJ then determined that pursuant to SSR 00-4p, the vocational expert's testimony was consistent with the information contained in the DOT (<u>Id</u>.). Regarding the Plaintiff's contention that the ALJ improperly found that the vocational expert's testimony was consistent with the DOT,

7

the transcript clearly shows that the vocational expert responded unequivocally in the affirmative that it did, *supra*. On that point, the undersigned finds the Plaintiff's argument lacks merit.

Regarding the fifth and final step determination, it is noted that:

> The Fourth Circuit has held "Although we could guess what these occupations require in reality, it is the purview of the ALJ to elicit an explanation from the expert ..." Pearson v. Colvin, 810 F.3d 204, 211 (4th Cir. 2015). The duty rests with the ALJ, not a reviewing court, to find facts and resolve conflicts. Radford, 734 F.3d at 296; see also Brown v. Colvin, 639 Fed. App'x. 921, 923, 2016 WL 50298, at *2 (4th Cir. Feb. 9, 2016) ("We remand to avoid engaging in fact-finding 'in the first instance' and to allow the ALJ to further develop the record so that we can conduct a meaningful judicial review"). And, as the Fourth Circuit has repeatedly made clear, the ALJ must provide a sufficient explanation of his findings to allow for meaningful appellate review. See Mascio, 780 F.3d at 637 ("Because we are left to guess about how the ALJ arrived at his conclusion on [Plaintiff's] ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended, remand is necessary."); Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986) (holding that without an adequate explanation, "it is simply impossible to tell whether there was substantial evidence to support the determination").

See Cunningham v. Berryhill, No. 3:16-cv-02525, 2017 WL 1259587 (S.D.W. Va. Mar. 31, 2017) (Tinsley, M.J.). The pertinent law is clear that where there is an apparent conflict between a vocational expert's testimony and the DOT, the adjudicator has an affirmative responsibility to ask about the conflict between the testimony and the information provided in the DOT. Policy Interpretation Ruling: Titles II And XVI: Use Of Vocational Expert And Vocational Specialist Evidence, And Other Reliable Occupational Information In Disability Decisions, SSR 00-4p, 2000 WL 1898704, at *4; see also Keller v. Berryhill, 754 Fed. App'x. 193, 199 (4th Cir. 2018).

There is no question that it remains the exclusive duty of the ALJ to identify any apparent conflicts in the evidence and to resolve them. At the fifth step of the sequential evaluation process, the burden of proof shifts to the ALJ because "[i]n order to support a finding that you are not disabled at this fifth step . . . we are responsible for providing evidence that demonstrates that other

work exists . . . that you can do, given your residual functional capacity and vocational factors." See 20 C.F.R. § 404.1560(c)(2). In determining the existence of jobs that a claimant can perform, the ALJ will consider both the DOT and a vocational expert's testimony. Id. § 404.1566. Indeed, SSR 00-4p expressly allows the ALJ to rely upon a vocational expert's "experience in job placement or career counseling" among reasonable bases for relying on the evidence from the vocational experts rather than the DOT. See SSR 00-4p, 2000 WL 1898704, at *2.

Each of the jobs identified by the vocational expert ("[garment] sorter"; "marker"; and "order caller") require frequent reaching. See DICOT 222.687-014 (G.P.O.), 1991 WL 672131; DICOT 209.587-034 (G.P.O.), 1991 WL 671802; DICOT 209.667-014 (G.P.O.), 1991 WL 671807. However, these jobs' descriptions do not present "apparent" conflicts with the controlling RFC. See, e.g., Critchley v. Colvin, No. 5:15–CV–08288, 2016 WL 3030211, at *8 (S.D.W. Va. May 4, 2016), *report and recommendation adopted*, 2016 WL 3033763 (S.D.W. Va. May 26, 2016) (finding ALJ's failure to question vocational expert about potential conflicts harmless where "no conflict, actual or apparent" existed); see also, Butler v. Astrue, 2012 WL 6962103, at *6 (N.D.W. Va. May 24, 2012) (affirming where the vocational expert identified jobs involving "frequent reaching" and plaintiff was limited to "occasional reaching with the left arm"), *report and recommendation adopted*, 2013 WL 352677, at *1 (N.D.W. Va. Jan. 29, 2013); Kelly v. Kijakazi, 2022 WL 593914, at *12 (D.S.C. Feb. 28, 2022). In any event, the ALJ elicited the information necessary that explained how there was no conflict between the vocational expert's testimony and the DOT.

As an additional matter, the Regulations specifically provide:

We consider that work exists in the national economy when it exists in significant

>    numbers either in the region where you live or in several other regions of the country. It does not matter whether –
>    (1) Work exists in the immediate area in which you live;
>    (2) A specific job vacancy exists for you; or
>    (3) You would be hired if you applied for work.

See 20 C.F.R. § 404.1566(a)(1)-(3). "Work exists in the national economy when there is a significant number of jobs (*in one or more occupations*) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications." See Id. §404.1566(b) (emphasis added). Clearly, at the fifth step, the ALJ appropriately found that the vocational expert identified at least "one" occupation the Plaintiff could still perform.

Accordingly, the undersigned **FINDS** that the ALJ met her burden of proof at the fifth step of the sequential evaluation and is supported by substantial evidence. In sum, the undersigned **FINDS** the ALJ's partially favorable decision is supported by substantial evidence.

### Recommendations for Disposition

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Judge confirm and accept the foregoing findings and **RECOMMENDED** that the District Judge **DENY** the Plaintiff's request for remand (ECF No. 5), **GRANT** the Commissioner's request to affirm the decision (ECF No. 6), **AFFIRM** the final decision of the Commissioner, and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings

and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to counsel of record.

ENTER: May 2, 2023.



Omar J. Aboulhosn
United States Magistrate Judge